UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 02-CV-12101REK

CHRISTOPHER MAGGIO,

        Plaintiff,

v.

SCHOOL YEAR ABROAD and WOODY HALSEY, INDIVIDUALLY and in his professional capacity,

        Defendants.

## ANSWER AND JURY DEMAND OF DEFENDANT HALSEY TO PLAINTIFF'S COMPLAINT

Defendant Woodruff ("Woody") W. Halsey II ("Mr. Halsey" or "Defendant") answers the numbered paragraphs of the complaint of plaintiff Christopher Maggio ("Maggio" or "Plaintiff") as set forth below.

The introductory paragraph purports to summarize Plaintiff's claims. To the extent it calls for legal conclusions, no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, the allegations are denied.

1.    Defendant is without sufficient information or personal knowledge to admit or deny the allegations of this paragraph and leaves Plaintiff to his proof.

2.    Defendant admits that Defendant School Year Abroad ("SYA") is a corporation with a principal place of business in North Andover, Massachusetts and denies SYA's current mailing address is at Philips Academy, 180 Main Street, North Andover, MA.



3. Defendant states that defendant Halsey's legal name is Woodruff W. Halsey II, but otherwise admits the allegations of this paragraph.

4. This paragraph calls for legal conclusions, and as such no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, the allegations are denied.

5. Defendant admits the allegations of this paragraph.

6. Defendant is without sufficient information or personal knowledge to admit or deny allegations about Plaintiff's prior education and employment experiences, and leaves Plaintiff to his proof. Defendant admits Plaintiff speaks Italian and is familiar with Italian culture, and denies the remaining allegations of this paragraph as stated.

7. Defendant admits that Plaintiff's stated prior experience as a director of admissions was a factor considered when hiring Plaintiff. Defendant is without sufficient information or personal knowledge to admit or deny the allegations contained in the second sentence of this paragraph and leaves Plaintiff to his proof. Defendant denies the remaining allegations of this paragraph as stated.

8. Defendant admits that Plaintiff's stated prior experience administering a school for American and international students in Italy was a factor considered when hiring Plaintiff. Defendant admits that SYA was in the process of developing and establishing an international program in Italy. Defendant admits that Plaintiff requested Plaintiff to assist with the preliminary work attendant to developing an

international program in Italy. Defendant denies the remaining allegations of this paragraph as stated.

9. Any written correspondence referred as Exhibit A speaks for itself, and thus no responsive pleading is required as to its contents. Defendant otherwise denies the allegations of this paragraph.

10. Defendant is without sufficient information or personal knowledge to admit or deny the allegations contained in the first sentence that refer to Plaintiff's motives, intentions and prior salary and leaves Plaintiff to his proof as to those allegations. Defendant denies the remaining allegations of this paragraph.

11. Defendant admits that Plaintiff performed work in the areas of recruitment, catalog, web site, and in some areas of development of a proposed program in Italy, but denies the remaining allegations of this paragraph. In further answering, Defendant denies the extent of Plaintiff's involvement and the level of his performance as referenced in and implied by this paragraph.

12. Defendant admits that the SYA program in Italy commenced in September 2001 and denies the remaining allegations of this paragraph.

13. Defendant denies that Plaintiff received no performance evaluations. Defendant is unable to discern the meaning of "formal" performance evaluations and therefore denies that allegation, leaving Plaintiff to his proof. Defendant admits that in March of 2000, in response to his request for a higher salary, Plaintiff was informed he would receive a raise effective July of 2000. In further answering, Defendant states that in response to Plaintiff's continued request for a higher raise,

in March of 2000, he was informed his raise was the largest increase. Defendant denies the remaining allegations of this paragraph.

14. Any written document referred as Exhibit C or D speaks for itself, and thus no responsive pleading is required as to its contents. Defendant denies the remaining allegations of this paragraph as stated. In further answering, Defendant states that Plaintiff designed his own business cards. Defendant states further that the Italy program was in its early stages during the time SYA employed Plaintiff. Since there was no SYA program in Italy, there was no director in residence in Italy. Moreover, the Italy program did not commence until September of 2001, almost a full year after Plaintiff left his employment.

15. Defendant admits that on August 13, 2000, Plaintiff informed Defendant that Plaintiff was gay, that Plaintiff asked Mr. Halsey about SYA's policies in regard to sexual orientation and that Mr. Halsey told him his sexual orientation was not an issue for SYA, him or the board. Defendant denies the remaining allegations of this paragraph.

16. Defendant denies the allegations of this paragraph as stated. Defendant admits that Plaintiff asked him to raise the issue of Plaintiff's sexual orientation to the board at a meeting. In further answering, Defendant states that he forgot to mention the August 13, 2000 discussion to the board because there was no subsequent reminder and because sexual orientation was not an issue relevant to Plaintiff's employment status.

17. Defendant denies the allegations of this paragraph.

18. Defendant admits that in October of 2000, he and Plaintiff visited Viterbo, Italy and addressed various issues pertaining to the school SYA was in the process of establishing there. Defendant denies the remaining allegations of this paragraph.

19. Defendant admits the allegations of this paragraph. In further answering, Defendant states that Plaintiff informed Mr. Halsey that Plaintiff would rather meet at Mr. Halsey's home than at Plaintiff's home.

20. Defendant denies the allegations of this paragraph as stated. In further answering, Defendant states that he offered Plaintiff the opportunity to continue at SYA while he looked for new employment, provided he performed his work satisfactorily, but that his employment with SYA would not extend beyond the end of June of 2001.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph. In further answering, Defendant states that there was no SYA program in Italy at that time and therefore there was no Resident Director of Italy.

23. Defendant denies the allegations of this paragraph as stated.

24. Defendant denies the allegations of this paragraph as stated.

25. Defendant is without sufficient information or personal knowledge as to the sexual orientation of the directors or prior directors of SYA's international programs and therefore leaves Plaintiff to his proof. In further answering, Defendant states that the sexual orientation of SYA's faculty, resident directors

and/or other employees is not a factor considered by Defendant in making employment decisions.

26. Defendant admits that SYA hired an individual to be the director in residence at an SYA program in Italy, but is without sufficient information or personal knowledge to admit or deny that individual's sexual orientation, and denies the remaining allegations of this paragraph.

27. Defendant admits that SYA hired an individual to be the Director of Admissions, and denies the remaining allegations of this paragraph.

28. Defendant denies the allegations of this paragraph.

29. This paragraph calls for legal conclusions, and as such no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, the allegations are denied.

30. This paragraph calls for legal conclusions, and as such no responsive pleading is necessary. To the extent a responsive pleading is deemed necessary, the allegations are denied.

## COUNT ONE
## (M.G.L. c. 151B, §4)

31. Defendant repeats and incorporates by reference paragraphs 1-30 above as if fully set forth herein.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

36. Defendant denies the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

38. Defendant denies the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

## COUNT TWO
### (Breach of Contract)

41. Defendant repeats and incorporates by reference paragraphs 1-40 above as if fully set forth herein.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations of this paragraph.

44. Defendant denies the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

46. Defendant admits he offered Plaintiff an opportunity to continue in his capacity as Director of Admissions for SYA through June 2001, and denies the remaining allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

## COUNT THREE
### (Breach of Good Faith and Fair Dealing)

49. Defendant repeats and incorporates by reference paragraphs 1-48 above as if fully set forth herein.

50. Defendant denies the allegations of this paragraph.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

**WHEREFORE**, Defendant requests that the complaint be dismissed in its entirety with prejudice and that Defendant be awarded such other and further relief as this Court deems proper.

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the statute of limitations.

### Third Defense

Pursuant to M.G.L. c.231, sec. 85K, some or all of Plaintiff's claims for relief are subject to a statutory limitation on damages.

### Fourth Defense

Plaintiff has failed to mitigate his damages.

### Fifth Defense

Plaintiff failed to satisfy the statutory, procedural, or administrative prerequisites to his claims.

### Sixth Defense

At all material times, Defendants had a policy prohibiting discrimination, took reasonable and effective measures to prevent discrimination, and plaintiff failed to avail himself of the Company's policy and procedures.

### Seventh Defense

SYA's and Mr. Halsey's actions were conducted in good faith and in furtherance of legitimate business reasons.

### Eighth Defense

Any claims Plaintiff makes for equitable relief are barred because Plaintiff has an adequate remedy at law.

### Ninth Defense

The types of damages sought by Plaintiff are not all recoverable.

### Tenth Defense

One or more of Plaintiff's claims are barred by the exclusivity provision of M.G.L. c. 152.

### Eleventh Defense

Plaintiff did not perform his work in a satisfactory manner.

### Twelfth Defense

Plaintiff abandoned his job duties.

### Thirteenth Defense

The contract alleged by Plaintiff is barred by the Statute of Frauds in whole or in part.

### Fourteenth Defense

Plaintiff relinquished his job duties and resigned from his position.

### Fifteenth Defense

Plaintiff's claims against Defendant are improper because Plaintiff has not properly named or served Defendant in this action.

### Sixteenth Defense

Defendant hereby gives notice that he intends to rely upon such other and further defenses and affirmative defenses as may become apparent during the proceedings in this case.

### Jury Demand

Defendant demands a jury trial on all claims so triable.

DEFENDANT,

WOODRUFF W. "WOODY" HALSEY II,

By his attorneys,

HOLLAND & KNIGHT LLP

_____
Miriam J. McKendall, P.C. (BBO No. 548825)
Daniel K. Hampton (BBO No. 634195)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: January 17, 2003

## CERTIFICATE OF SERVICE

I, Miriam J. McKendall, hereby certify that on this ___17___th day of January, 2003, I served a true copy of the ***Answer And Jury Demand Of Defendant Halsey To Plaintiff's Complaint*** by regular mail on counsel for plaintiff, Gretchen Van Ness, 44 School Street, Suite 510, Boston, MA 02108.

_____
Miriam J. McKendall